## SUPERIOR COURT

### No. 644

JOHNSON, Trustee, v. BENTEL & HYLAND

Cincinnati Superior Court

No. 58886. Decided 1924

127. BANKRUPTCY — 1. Trustee m a y maintain action to recover diverted funds.

2. Four months limitation in bankruptcy act does not apply to actions to recover diverted funds.

3. Action to set aside a fraudulent conveyance, etc., must be brought in four months.

4. Money held to be property within meaning of GC. 11104 and Bankruptcy Act.

MARX, J.

#### Epitomized Opinion

This is an action by a trustee in bankruptcy to recover certain moneys wrongfully paid by the bankrupt. The plaintiff claimed that the bankrupt paid him $250 to discharge a debt owing the defendant by the Cincinnati Wood Products Co., which was a corporation separate and distinct from the bankrupt. He also claimed that payment was beyond the authority of the bankrupt and was a diversion of its funds and a fraud upon its holders and directors, all of which was well known to the defendant at the time payment was made. A demurrer was filed to the petition based mainly upon the ground that no recovery could be had by a trustee in bankruptcy for payments of money made by the bankrupt not paid four months prior to the filing of the petition in bankruptcy by virtue of Section 67-e and Section 70-e. It was also urged that payments were not within the transactions named in GC. 6343. In overruling the demurrer, the court held:

1. As the defendant did not stand in the position of a creditor of the bankrupt, a trustee can maintain an action to recover its diverted funds or property.

2. An action to recover diverted funds may not be brought within four months and is not subject to that limitation as provided in Sec. 60-b and 67-e of the Bankruptcy Act.

3. An action brought to avoid a transaction to hinder, delay or defraud creditors or avoid a conveyance, transfer or encumbrance, must be brought within four months of the filing of the bankruptcy petition.

4. Money is property within the meaning of the Bankruptcy Act and GC. 11104.

Attorneys—Leonard H. Freiborg, for Johnson; Sukre & Rielly, for Bentel & Hyland; all of Cincinnati.

### No. 645

PRITZ v. MESSER et al

Cincinnati Superior Court

No. 50089. Decided 1924

874. ORDINANCES—Constitutionality of Zoning Ordinance sustained.

187. BUILDINGS—1. One who sustains special damage through infraction of zoning ordinance entitled to equitable relief.

2. Where conditions precedent to building permit are not followed, the permit is void.

3. Residence owner will sustain special damage by erection of eleven story apartment house on abutting lot.

MARX, J.

#### Epitomized Opinion

Pritz, a resident and owner of a house on Reading Road, brought action for a restraining order against Messer and others, owners of an adjoining lot in the city of Cincinnati. The plaintiff claimed that the defendant owners were about to erect an eleven story apartment building having a greater height and percentage of lot occupancy than that permitted by the zoning ordinance of Cincinnati (Par. 71-1924) pursuant to a permit issued by the building commissioner prior to the effective date of said zoning law. The plaintiff also alleged that the building permit was not lawfully issued because the conditions precedent to its issue were not complied with in numerous particulars. The plaintiff further claims that the erection of said apartment would result in special damake to her. In granting the relief prayed for, the court held:

1. The zoning ordinance of Cincinnati is constitutional. (Santaggelo v. Cincinnati, Abs.)

2. Where a person shows that he will sustain special damages, if defendant is permitted to erect a proposed building, in violation of a zoning resolution, the former is entitled to equitable aid in enjoining the same.

3. As the plaintiff would suffer special damage if the building were erected, she was entitled to maintain an action for an injunction to enforce the restrictions contained in the zoning ordinance.

4. As the submitted plans and specifications were insufficient to enable the building commissioner to exercise his discretion with reference thereto, as required in the Ordinance, Secs. 340 and 341 of the Ordinances of Cincinnati, a permit so issued was void.

Attorneys—Clore, Schwab & McCaslin and Henry B. Striet, for Pritz; Heintz & Heintz and Landon Forchheimer, for Messer et; all of Cincinnati.